UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:26-cv-00588

**Martell Gamble,**
*Plaintiff,*
v.
**Toyota Motor North America, Inc.,**
*Defendant.*

# ORDER

Defendant removed this case to this court, and the court designated a magistrate judge to handle the case to the full extent authorized by 28 U.S.C. § 636(b). Doc 1. Then, defendant moved to compel arbitration. Doc. 4. The magistrate judge filed a report recommending that the court grant defendant's motion to compel arbitration and stay the case pending resolution of the arbitration. Doc. 13. Plaintiff filed objections. Doc. 14.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Before the magistrate judge, the parties disputed whether plaintiff received sufficient notice of a 2022 arbitration agreement. *See* Doc. 13 at 6. The magistrate judge found that defendant produced sufficient evidence to establish a presumption that plaintiff received the agreement under the Texas mailbox rule. *Id.* at 6–8 (citing *Custer v. Murphy Oil USA, Inc.,* 503 F.3d 415, 419 (5th Cir. 2007) ("[W]hen there is a material question as to whether a document was actually received," the "mailbox rule functions to create a presumption of receipt.").

Plaintiff argues that the magistrate judge failed to properly consider, "cumulatively," his supplemental declaration and notice of intent to move out. Doc. 14 at 1–2. But plaintiff also "does not contend that relocation records, standing alone, establish non-receipt." *Id.* Instead, plaintiff apparently seeks to corroborate his testimony that he was in the process of moving when defendant mailed the agreement. *Id.* Considering the record, the court finds that plaintiff has not overcome the presumption of receipt.

The court finds that the remainder of plaintiff's objections are insufficiently specific to warrant de novo review. Plaintiff asks the court for "de novo evaluation of what the combined materials establish" about defendant's mailing process and to find that the mailbox rule does not apply. Doc. 14 at 2–3. Plaintiff also requests "de novo determination of whether [defendant] carried its burden" on contract formation, which the magistrate judge found as a function of legally sufficient notice. Doc. 14 at 3; Doc. 13 at 8. The magistrate also found that, even if the 2022 arbitration agreement was unenforceable, an earlier 2014 agreement would still require arbitration. Doc. 13 at 8. Plaintiff objects only on the ground that he does not concede the enforceability of the 2014 agreement. Doc. 14 at 3. These are general, conclusive objections that do not merit de novo review. The court finds no clear error in the magistrate judge's analysis or conclusions.

Having reviewed the remainder of the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Accordingly, the court orders that the

parties shall proceed to arbitration and that the action is stayed pending completion of that arbitration. The court further orders the parties to file a joint status report every 90 days from the date of this order and a report within 14 days after a final arbitration award issues or the dispute is otherwise resolved.

*So ordered by the court on November 16, 2026.*

J. CAMPBELL BARKER
United States District Judge